**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD R. AMOS, | : | Civil Action No. |
| | : | |
| Plaintiff, | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : | |
| | : | |
| Defendant. | : | |

# NOTICE OF REMOVAL

Here comes Defendant, Liberty Life Assurance Company of Boston, by and through counsel, and pursuant to 28 U.S.C. § 1441(a) and hereby submits its Notice of Removal of the Complaint filed by Plaintiff Ronald R. Amos ("Plaintiff") in the Washington County Court of Common Pleas. In support of this Notice, Defendant states as follows:

1. On October 2, 2019, Plaintiff filed a Complaint in an action entitled *Ronald R. Amos v. Liberty Life Assurance Company of Boston*, in the Washington County Court of Common Pleas, Case No. 19OT000222 (the "State Action").

2. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for

its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

3. By the State Action, Plaintiff is seeking to recover disability benefits (along with interest, attorneys fees, and costs) from an ERISA disability benefits plan, in which he was a participant by virtue of his employment with Americas Styrencis.[1] Plaintiff admits in his Complaint that this disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of ERISA,[2] that the benefits sought by Plaintiff in the State Action are sought from this ERISA plan, and that this plan and an action for benefits from the plan is governed by ERISA.[3] Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

4. Plaintiff alleges in his Complaint that his claims arise under ERISA but that the Court in the State Action has concurrent jurisdiction pursuant to 29 U.S.C. § 1132 (e)(1).[4] However, this concurrent jurisdiction does not preclude removal. On the contrary, even though concurrent jurisdiction exists, "a defendant may seek removal of the action to federal court as long as the substance of the litigation does not involve the limited exclusions from removal listed in 28 U.S.C. § 1445. LeTourneau v. Gen. Motors Corp., 24 Fed.App. 332, 334-35 (6th Cir. 2006)." Holbrook v. Cherokee Distributing Co., Inc., Case No. 3:06-CV-480, at *1 (E.D. Tenn. Jan. 25, 2007).

1 Complaint at ¶ 1
2 Complaint at ¶ 2
3 Complaint at ¶ 4
4 Complaint at ¶ 4

5. Defendant received the Summons and Complaint on or about October 7, 2019. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

6. As an alternative grounds for removal, Defendant asserts that there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Defendant is incorporated in New Hampshire with its principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Complaint, is a resident of West Virginia[5] and is asserting claims in excess of $75,000[6] by his Complaint.

7. Removal was commenced sooner than 30 days after Defendant first served with a copy of Plaintiff's Complaint.

8. Copies of all state pleadings are attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant hereby respectfully removes this lawsuit to this honorable Court.

Respectfully Submitted,

/s/ David A. Riepenhoff

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com
*COUNSEL FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON*

[5] Complaint Caption shows Plaintiff resides in West Virginia
[6] Plaintiff is seeking past and future benefits (Complaint at ¶ C of the Prayer)

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was served electronically, this 31st day of October 2019 upon the following:

Tony C. Merry, Esq.
Lesley Kuhl, Esq.
**Law Offices of Tony C. Merry, LLC**
7100 N. High Street, Ste 302
Worthington OH 43085
Email: lkuhl@tmerrylaw.com
*Counsel for Plaintiff*

/s/ David A. Riepenhoff
David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
*Attorney for Defendant Liberty Life Assurance Company of Boston*