IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD R. AMOS, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:19cv04803-GCS-CMV |
| | § | |
| v. | § | |
| | § | Senior District Judge George C. Smith |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON, | § | |
| | § | Magistrate Judge Chelsey M. Vascura |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Ronald R. Amos ("Plaintiff"), and states as follows:

**Parties**

1. Liberty Life admits that Plaintiff was, at certain times, employed by Americas Styrenics and a participant in the Americas Styrencis Long Term Disability Plan (the "LTD Plan") sponsored by Americas Styrenics. Liberty Life admits that the LTD Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that, at certain times, Americas Styrenics sponsored the LTD Plan, to provide benefits to certain of its employees and that the LTD Plan is governed by ERISA. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that, at certain times, it was the insurer of benefits from the LTD Plan through a Policy issued to Americas Styrencis by Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits this Court has subject matter jurisdiction and that this action is governed by ERISA, 29 U.S.C. § 1001 et seq. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life has removed this case to the United States District Court for the Southern District of Ohio, Eastern District. Therefore, the allegations in the Complaint concerning venue in State Court are moot. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## Facts

6. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy contain information concerning Plaintiff's date of birth and former occupation, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that Plaintiff was, at certain times, employed by Americas Styrenics as an Operating Technician. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that Plaintiff was, at certain times, employed by Americas Styrenics or predecessors of that company starting on or about January 27, 1997, at its Marietta, Ohio, location. Liberty Life further admits Plaintiff's last day of work at Americas Styrenics was on or about September 18, 2015. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits that Plaintiff's last day of work at Americas Styrenics was on or about September 18, 2015. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits, upon information and belief, that Plaintiff submitted a claim for, and at certain times received, benefits from the short-term disability plan (the "STD Plan") sponsored by Americas Styrenics. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits it sent a letter to Plaintiff dated March 18, 2016, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits that Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative

record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits it sent a letter to Plaintiff dated October 23, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits that it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of

their contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits that it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits it sent a letter to Plaintiff's counsel dated July 26, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

**Count I - For Long Term Disability Benefits**

25. Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 24 of the Complaint as though fully set forth in response to Paragraph 25 of the Complaint.

26. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan pursuant 29 U.S.C. § 1132(a)(1)(B), but denies Plaintiff is entitled to any such recovery. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life denies all allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life denies all allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan pursuant 29 U.S.C. § 1132(a)(1)(B), but denies Plaintiff is entitled to any such recovery. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

Liberty Life denies that Plaintiff is entitled to the relief requested in the Wherefore Paragraph of the Complaint, including Paragraphs A-F thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For further defense, if such be necessary, Liberty Life shows the Court as follows:

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

3. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

4. The standard of review by the District Court in this case should be whether Liberty Life's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard.

5. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and disability benefits Plaintiff and/or his dependent(s) have received from the Social Security Administration.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Liberty Life reserves the right to assert additional defenses based on discovery in this action.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

*/s/* Iwana Rademaekers

Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**Law Offices of Iwana Rademaekers, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL COUNSEL FOR DEFENDANT

**- AND -**

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## CERTIFICATE OF SERVICE

I certify that on November 7, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tony C. Merry, Esq.
Lesley Kuhl, Esq.
Email: lkuhl@tmerrylaw.com
Counsel for Plaintiff

/s/ Iwana Rademaekers
Iwana Rademaekers